Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2004-00776-A

JANICE FLANDERS, Plaintiff(s)

v.

LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING CO., Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
PLEASE INDICATE TYPE OF ACTION INVOLVED:—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

*A TRUE COPY ATTEST DAVID D. AYLES, PROCESS SERVER AND DISINTERESTED PERSON*

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: CHAS. LEVY CIRCULATING COMPANY

You are hereby summoned and required to serve upon Goncalo M. Rego, Esquire, Law Offices of G. M. Rego, P. C., plaintiff's attorney, whose address is 411 Columbia St., Fall River, MA 02721, an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at TAUNTON either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 15th day of September, in the year of our Lord two thousand and FOUR.

*[signature]*, Esq.
Magistrate

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

2BC 24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20  , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................................................................................................

........................................................................................................................................

........................................................................................................................................

Dated: ................................., 20 .     ........................................................

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

9/20 , 2004

---

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION

BRISTOL, ss.

No. BRCV2004-00776-A

JANICE PLANDERS , Plaintiff(s)

v.

LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING CO. , Defendant(s)

SUMMONS
(Mass. R. CIV. P. 4)

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                    SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                                CIVIL ACTION
[SEAL]
                                                No. BRCV2004-00776-A

JANICE FLANDERS , Plaintiff (s)

v.

LEVY HOME ENTERTAINMENT, INC., AND
CHAS. LEVY CIRCULATING CO. , Defendant(s)

*A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON*

(TO PLAINTIFF'S ATTORNEY:
    PLEASE INDICATE TYPE OF ACTION INVOLVED:—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:  LEVY HOME ENTERTAINMENT, INC.,

You are hereby summoned and required to serve upon ..GONCALO..M.....REGO.,...ESQUIRE
....LAW..OFFICES..OF..G...M...REGO.,..P..C..........................................................................................
plaintiff's attorney, whose address is ......411 Columbia St., Fall River, MA  02721........,
an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ....TAUNTON.................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.............15th...........................day of.........September............, in the year of our Lord two thousand and .......Four.............................

*/s/ Mar. J. Savler, Esq.*
Magistrate

*NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..................................................................................................................................

..................................................................................................................................

..................................................................................................................................

Dated: ........................................, 20    .        ..................................................................

N.B.  TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

9/22, 2007.

---

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. BRCV2004-00776-A

BRISTOL, ss.

JANICE FLANDERS, Plaintiff(s)

v.

LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING CO., Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) BRCV2004-00776-A | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JANICE FLANDERS | LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 678-3400<br>Goncalo M. Rego, Esquire<br>Law Offices of G. M. Rego, P.C.<br>411 Columbia St., Fall River, MA 02721<br>Board of Bar Overseers number: | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIMINATION | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $445.00
2. Total Doctor expenses .............................................. $3820.00
3. Total chiropractic expenses ........................................ $3,707.50
4. Total physical therapy expenses .................................... $1,605.00
5. Total other expenses (describe) .................................... $1,650.00
   Subtotal $11,227.50
B. Documented lost wages and compensation to date ....................... $22,831.90
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages ................................... $20,000.00
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Emotional and Psychological injuries, including depression.
   $
   TOTAL $54,059.40

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 7-13-0[?]

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: ~~BRCV2003-00700~~

BRCV2004-00776-A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Janice Flanders
    Plaintiff

v.

Levy Home Entertainment, Inc.
Chas. Levy Circulating Co.
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT (JURY TRIAL CLAIM)**

### I. INTRODUCTION

1. This is an action pursuant to Massachusetts General Laws, Chapter 151B, Section 4, paragraphs 1B & 16. This is an action for damages and other relief arising out of employment of plaintiff, Janice Flanders. The particular claims against the Defendants include, Wrongful Termination, Age Discrimination, and Discrimination on the basis of Disability and failure to accommodate.

### II. PARTIES

2. Plaintiff, Janice Flanders, is a resident of New Bedford, Massachusetts.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 676-3400
Fax (508) 676-3535

1

3. Defendant, Levy Home Entertainment, Inc., is a business entity doing business in the Commonwealth of Massachusetts and organized under the laws of the State of Illinois.

4. Defendant, Chas. Levy Circulating Co. is a corporation doing business in the Commonwealth of Massachusetts and organized under the Laws of the State of Delaware.

5. The Defendants are "Employers" within the definition of the term in Mass. General Laws in Chapter 151B.

### III. FACTS

6. At the time of Plaintiff's discharge she was 61 years of age and married. She had been employed with the defendant for approximately six years as a field representative. Plaintiff's duties included maintaining book displays in customer stores, and maintaining regular visits to assigned stores once or twice per week. Specific physical requirements included driving to the assigned stores location, lifting and carrying books. Prior to Plaintiff's discharge her performance had always been satisfactory to the Defendants.

7. On or about April 13, 2001, Plaintiff was involved in a serious motor vehicle accident. As a result of this accident, she suffered multiple injuries to her hip and lower back. The Defendants were notified the next day with regard to Plaintiff's involvement in this particular motor vehicle

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

2

accident. The Defendant was further advised that Plaintiff was unable to work due to injuries sustained.

8. During the period that the Plaintiff was absent from work due to her injuries, the Defendants were periodically supplied with medical evidence supporting her disability. On or about June 28, 2001, Plaintiff's treating physician provided to the Plaintiff a return to work document which was subsequently submitted to the Defendant. This particular document allowed the Plaintiff to return to work on or about July 9, 2001 and be assigned to one store for a week and thereafter resume her work without any limitations.

9. Prior to July 9, 2001, the Plaintiff was contacted by her supervisor and advised not to return to work until she was fully recovered and capable of resuming her duties without limitations. She was advised that Defendants would not allow her to return to light duty work. She was further advised that once she was fully recovered she had to reapply.

10. On or about July 11, 2001, the Plaintiff's treating physician forwarded directly to the Defendant a medical note clearing the Plaintiff to return to full work without restrictions. There was no reply or response by the Defendant and its Representatives as to the request by Plaintiff and her treating physician to return to work after July 11, 2001 without limitations.

11. On or about September 4, 2001, a second letter was forwarded to the Defendants, once again, informing them that Plaintiff was ready and capable of returning to work without physical restrictions. In the meantime, Plaintiff reapplied for her position as she was asked to do so

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

3

by the Defendants representative. On or about December 4, 2001, the Plaintiff received an unemployment brochure from the Defendant and no further correspondence thereafter.

12. While awaiting for a response by the Defendants, Plaintiff learned that her position was being advertised in a local newspaper, the New Bedford Standard Times. It appears that the position was advertised on or about July 13, 2001 through July 21, 2001. On or about July 25, 2001, Plaintiff further learned that the Defendant was interviewing candidates for her position. Plaintiff was never extended the opportunity to be interviewed for the position in question. Based on reasonable belief and credible information the Plaintiff learned, subsequently, that she had been replaced by a younger person.

13. On 12/26/2001, the Plaintiff filed a timely charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission against the Defendants and its representatives alleging discrimination due to Age, Disability and Failure to Accommodate Plaintiff. All jurisdiction for prerequisites for this action have been satisfied.

## COUNT I

CLAIM UNDER MASSACHUSETTS GENERAL LAWS CHAPTER 151B; SECTION 4 (1B) (ALL DEFENDANTS)

14. Plaintiff incorporates the allegations made in paragraphs 1 through 13 as if fully set forth the herein.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

4

15. The Defendants and their representatives discriminated against the Plaintiff and her employment on the basis of her age in violation of Mass General Laws Chapter 151B Section 4 (1B).

16. The discriminatory actions of Defendant have proximately caused Plaintiff to suffer damages.

## COUNT II

CLAIM UNDER MASSACHUSETTS MASS. GENERAL LAWS CHAPTER 151B, SECTION (4) (16)

17. Plaintiff incorporates the allegations made in paragraphs 1 through 16 as if fully set forth herein.

18. The Defendants, and their representatives, discriminated against the Plaintiff and her employment on the basis of her disability and failure to accommodate her restrictions pursuant to Mass General Laws Chapter 151B Section 4 (16) discriminatory actions of Defendants have approximately caused Plaintiff to suffer damages

19. The discriminatory actions by Defendants and their representatives have caused Plaintiff to suffer damages.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

5

## COUNT III

## WRONGFUL TERMINATION

20. Plaintiff incorporates the allegations made in paragraph 1 through 19 as it fully sets forth hearing.

21. The Defendants and their representatives improperly, illegally and wrongfully terminated Plaintiff's employment.

22. The actions of the Defendant have proximately caused the Plaintiff to suffer damages.

## COUNT IV

## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(ALL DEFENDANTS)

23. Plaintiff incorporates the allegations made in paragraphs, through 22 as if fully set forth herein.

24. By engaging in the foregoing conduct, Defendants and their representatives have intentionally or negligently inflicted emotional distress upon Plaintiff.

25. As a result of their conduct and actions Plaintiff did suffer emotional distress.

26. WHEREFORE Plaintiff request this Court to award her the following relief:

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

6

1. Enter Judgment in her favor against the Defendants in amount warranted by the evidence at Trial.

2. Award compensation damages for her financial and emotional damages caused by the discriminatory acts referred in this complaint.

3. Award punative damages under all Counts and Award Attorney's Fees, including Expert Fees and costs of this action under all Counts.

4. Award such other and further relief has this Court deems just and proper. [THE PLAINTIFF DEMANDS A TRIAL BY A JURY AS TO ALL COUNTS OF THE COMPLAINT]

Respectfully submitted,

JANICE FLANDERS
By her attorney,

GONCALO M. REGO, ESQUIRE
LAW OFFICES OF G. M. REGO, P. C.
411 Columbia Street
Fall River, MA 02721
(508) 678-3400
(BBO #557097)

DATED: 7-13-04

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

7

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
CIVIL ACTION
No.: BRCV2004-00776-A

**JANICE FLANDERS**
    Plaintiff

v.

**LEVY HOME ENTERTAINMENT, INC.,
AND
CHAS. LEVY CIRCULATING COMPANY**
    Defendants

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Massachusetts Rule of Civil Procedure 4(c), Plaintiff, Janice Flanders, respectfully moves that QUICKSERV, INC. be specially appointed for the purpose of serving all process and other papers in the above-captioned case.

Plaintiff further certifies that to the best of its knowledge and belief the person appointed process server is experienced in the service of process, is 18 years of age or over, and is not a party to this action.

Plaintiff Janice Flanders,
By her attorney,
Goncalo M. Rego, Esquire
Law Offices of G. M. Rego
411 Columbia Street
Fall River, MA 02721

Dated: 7/19/04

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St,
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

Civil Docket **BRCV2004-00776**

RE: Flanders v Levy Home Entertainment, Inc, et al

TO: Goncalo M Rego, Esquire
Rego Law Offices( G M)
411 Columbia Street
Fall River, MA 02721

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **07/21/2004**:

*RE: Plaintiff Janice Flanders's MOTION for appointment of special process server*

**is as follows:**

**MOTION (P#2) Motion is allowed. (Valerie A. Brodeur, Asst. Clerk Magistrate)**
**Notices mailed July 21, 2004**

Dated at Taunton, Massachusetts this 21st day of July, 2004.

Marc J. Santos,
Clerk of the Courts

BY:

Valerie A. Brodeur
Assistant Clerk

Telephone: (508) 823-6588

Copies mailed 07/21/2004

cvdresult_2.wpd 407597 mottext andradem