UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE FLANDERS,<br><br>         Plaintiff,<br><br>v.<br><br>LEVY HOME ENTERTAINMENT, INC.<br>and CHAS. LEVY CIRCULATING CO.,<br><br>         Defendants. | CIVIL ACTION NO. 104-12151-JLT |

### ANSWER OF THE DEFENDANTS LEVY HOME ENTERTAINMENT LLC AND CHAS. LEVY CIRCULATING CO. LLC TO PLAINTIFF'S COMPLAINT

Defendants Levy Home Entertainment LLC ("LHE"), formerly known as Levy Home Entertainment, Inc., and Chas. Levy Circulating Co. LLC ("CLCC"), formerly known as Chas. Levy Circulating Co., answer Plaintiff's Complaint as follows:

1.  Defendants state that paragraph 1 contains introductory matters as to which no responsive pleading is required and otherwise deny the allegations contained therein.

2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.  Defendants admit that LHE is a limited liability company organized under the laws of the State of Delaware and doing business in the Commonwealth of Massachusetts. Defendants deny the remaining allegations of paragraph 3.

4.  Defendants admit that CLCC is a limited liability company organized under the laws of the laws of the State of Delaware. Defendants deny the remaining allegations of paragraph 4.

5. Defendants state that paragraph 5 contains legal conclusions as to which no responsive pleading is required and otherwise deny the allegations contained therein.

6. Defendants admit that at the time Plaintiff's employment with LHE terminated she was 61 years of age and had been employed by LHE beginning August 14, 1995, as a part time field representative; that Plaintiff's duties included stocking and maintaining book displays in customer stores, normally visiting assigned stores once or twice per week; that specific physical requirements included traveling to the assigned stores location, lifting and carrying books; and that prior to Plaintiff's discharge her performance had generally been satisfactory to LHE. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

7. Defendants admit that LHE was notified by Plaintiff on or about April 14, 2001, that she had been involved in a non-work-related motor vehicle accident on or about April 13, 2001, and that Plaintiff was unable to work due to the injuries she had sustained, but that Plaintiff expected to return to work by April 30, 2001. Defendants deny that LHE was notified at that time that due to injuries sustained Plaintiff would be unable to work after April 30, 2001, although Plaintiff did subsequently tell LHE that she needed more time off. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8. Defendants admit that during the period that Plaintiff was absent from work, LHE was supplied with very limited information concerning Plaintiff's medical condition. Defendants deny that Defendants were supplied with medical evidence supporting any disability. Further answering, defendants state that the documentation received by LHE in May and June 2001 merely indicated that Plaintiff was under a doctor's care and listed an anticipated return to work

date that was repeatedly extended. Defendants admit that a document from Robert Greene, M.D., dated June 28, 2001, which was subsequently received by LHE, states that patient may return to work as of July 9, 2001, at only one store for first week – then unlimited. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Defendants admit that LHE informed plaintiff on or about May 1, 2001, that a release for full duty from Plaintiff's physician must be provided and reviewed by LHE's vocational nurse before Plaintiff would be allowed to return for work. Defendants also admit that LHE further advised Plaintiff on or about July 6, 2001, that she would not be returned to active employment on a light duty basis, but that when she was fully recovered she could reapply to work for LHE. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Defendants admit that on or about July 11, 2001, LHE received a facsimile communication from Robert Greene, M.D., stating that Plaintiff was medically cleared to return to full work. Defendants also admit that there was no subsequent reply or response by LHE to this July 11 communication and otherwise deny the remaining allegations of paragraph 10.

11. Defendants admit that on or about September 4, 2001, Plaintiff sent a letter to LHE stating that she thought she could return to work without any physical restrictions and that she was reapplying for her former position. Defendants deny the remaining allegations of paragraph 11.

12. Defendants admit that LHE placed several help wanted advertisements for a part-time retail book merchandiser in the New Bedford Standard Times that ran on or about July 13, 2001, through July 21, 2001, and that Plaintiff was not interviewed for the position advertised.

Defendants also admit that the individual assigned to service the retail stores that had formerly been serviced by Plaintiff was born in 1951 and thus was younger than plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

13. Defendants admit that on or about December 26, 2001, Plaintiff filed a charge with the Massachusetts Commission Against Discrimination against defendants and two employees of LHE alleging discrimination based on age and disability, and failure to accommodate Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff filed a charge with the Equal Employment Opportunity Commission. The remaining allegations of paragraph 13 state a legal conclusion as to which no answer is required.

## Count I

14. Defendants incorporate their answers to paragraphs 1 through 13 as if fully set forth herein.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

## Count II

17. Defendants incorporate their answers to paragraphs 1 through 16 as if fully set forth herein.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

## Count III

20. Defendants incorporate their answers to paragraphs 1 through 19 as if fully set forth herein.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

## Count IV

23. Defendants incorporate their answers to paragraphs 1 through 22 as if fully set forth herein.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny that Plaintiff is entitled to any relief.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a qualified handicapped person under Mass. Gen. L. ch. 151B.

### THIRD AFFIRMATIVE DEFENSE

The termination of Plaintiff's employment by LHE occurred for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to establish an entitlement to reinstatement, back pay and/or emotional distress.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

LHE has at all relevant times acted in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Defendants respectfully request that this Court:

1. enter judgment for Defendants on each and every count of Plaintiff's Complaint; and

2. award Defendants such other and further relief as this Court deems just and proper.

Respectfully submitted,

LEVY HOME ENTERTAINMENT, LLC,
and CHAS. LEVY CIRCULATING CO.,
LLC,

By their attorneys,

*Christopher J. Powell*

Dean Richlin (BBO #419200)
Michael L. Rosen (BBO #559954)
Christopher J. Powell (BBO #658884)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: October 19, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 10/19/04 *Christopher J. Powell*