MAS-20040909
arrudado

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

04-9215 JLT   10/18/2004
10:48 AM

# BRCV2004-00776
## Flanders v Levy Home Entertainment, Inc. et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 07/13/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 10/18/2004 | **Session** | A - CtRm 1 - (Fall River) | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/11/2004 | **Answer** | 12/10/2004 | **Rule12/19/20** | 12/10/2004 |
| **Rule 15** | 12/10/2004 | **Discovery** | 05/09/2005 | **Rule 56** | 06/08/2005 |
| **Final PTC** | 07/08/2005 | **Disposition** | 09/06/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Janice Flanders
New Bedford, MA 02740
Active 07/13/2004

**Private Counsel 557097**
Goncalo M Rego
Rego Law Offices( G M)
411 Columbia Street
Fall River, MA 02721
Phone: 508-678-3400
Fax: 508-678-3535
Active 07/13/2004 Notify

**Defendant**
Levy Home Entertainment, Inc.
c/o Prentice Hall Corp. System
84 State Street
Boston, MA 02108
Served: 09/22/2004
Served (answr pending) 09/27/2004

**Private Counsel 658884**
Christopher J Powell
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Phone: 617-832-1000
Fax:
Active 10/18/2004 Notify

**Defendant**
Chas. Levy Circulating Co.
c/o US Corp. Co.
84 State Street
Boston, MA 02108
Served: 09/21/2004
Served (answr pending) 09/27/2004

**Other interested party**
FILE COPY
Active 07/13/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/13/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/13/2004 | | Origin 1, Type B22, Track F. |

MAS-20040909                Case 1:04-cv-12151-JLT    Document 4    Filed 10/20/2004    Page 2 of 25          10/18/2004
arrudado                                **Commonwealth of Massachusetts**                                                    10:35 AM
                                           **BRISTOL SUPERIOR COURT**
                                               **Case Summary**
                                               **Civil Docket**

## BRCV2004-00776
## Flanders v Levy Home Entertainment, Inc. et al

| Date | Paper | Text |
|------|-------|------|
|  |  | view of alleged medical billings and lost wages in excess of $25,000.00.  PfL |
| 07/20/2004 | 2.0 | Plaintiff Janice Flanders's MOTION for appointment of special process server |
| 07/21/2004 |  | MOTION (P#2) Motion is allowed.  (Valerie A. Brodeur, Asst. Clerk Magistrate) Notices mailed July 21, 2004 |
| 09/27/2004 | 3.0 | SERVICE RETURNED (summons): Levy Home Entertainment, Inc., service made on September 22, 2004 (agent in charge service: Bernardo Montanez, Process Specialist) |
| 09/27/2004 | 4.0 | SERVICE RETURNED (summons): Chas. Levy Circulating Co., service made on September 21, 2004 (agent in charge service: Bernardo Montanez, Process Specialist) |
| 10/15/2004 | 5.0 | Copy of Petition for Removal to the United States District Court filed by Levy Home Entertainment, Inc., and  Chas. Levy Circulating Co. |
| 10/18/2004 |  | REMOVED to US Bankruptcy Court |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 07/13/2004 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One-trial Review | Event held as scheduled |

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET#: **BRCV2004-00776-A**

RE:    Flanders v Levy Home Entertainment, Inc. et al

TO:    FILE COPY

_____

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **10/18/2004** the following entry was made on the above referenced docket:

   **REMOVED to US Bankruptcy Court**

Dated at Taunton, Massachusetts this 18th day of October, 2004.

Marc J. Santos,
Clerk of the Courts

BY: Valerie A. Brodeur
Assistant Clerk

Telephone: (508) 823-6588

cvdgeneric_2.wpd 420369 removba arrudado

#1.

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: ~~BRCV2003-00700~~
ADV-00716

*****************************************
Janice Flanders
        Plaintiff

v.

Levy Home Entertainment, Inc.
Chas. Levy Circulating Co.
        Defendants

*****************************************

BRISTOL, SS SUPERIOR COURT
FILED

1 3 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## COMPLAINT (JURY TRIAL CLAIM)

### I.  INTRODUCTION

1.  This is an action pursuant to Massachusetts General Laws, Chapter 151B, Section 4, paragraphs 1B & 16.  This is an action for damages and other relief arising out of employment of plaintiff, Janice Flanders.  The particular claims against the Defendants include, Wrongful Termination, Age Discrimination, and Discrimination on the basis of Disability and failure to accommodate.

### II.  PARTIES

2.  Plaintiff, Janice Flanders, is a resident of New Bedford, Massachusetts.

LAW OFFICES OF
**G.M. REGO, P.C.**
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

1

3.  Defendant, Levy Home Entertainment, Inc., is a business entity doing
    business in the Commonwealth of Massachusetts and organized under
    the laws of the State of Illinois.

4.  Defendant, Chas. Levy Circulating Co. is a corporation doing business in
    the Commonwealth of Massachusetts and organized under the Laws of
    the State of Delaware.

5.  The Defendants are "Employers" within the definition of the term in Mass.
    General Laws in Chapter 151B.


### III.     FACTS


6.  At the time of Plaintiff's discharge she was 61 years of age and married.
    She had been employed with the defendant for approximately six years
    as a field representative.  Plaintiff's duties included maintaining book
    displays in customer stores, and maintaining regular visits to assigned
    stores once or twice per week.  Specific physical requirements included
    driving to the assigned stores location, lifting and carrying books.  Prior to
    Plaintiff's discharge her performance had always been satisfactory to the
    Defendants.

7.  On or about April 13, 2001, Plaintiff was involved in a serious motor
    vehicle accident.  As a result of this accident, she suffered multiple
    injuries to her hip and lower back.  The Defendants were notified the next
    day with regard to Plaintiff's involvement in this particular motor vehicle

LAW OFFICES OF
**G.M. REGO, P.C.**
411 Columbia St
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

2

accident. The Defendant was further advised that Plaintiff was unable to work due to injuries sustained.

8. During the period that the Plaintiff was absent from work due to her injuries, the Defendants were periodically supplied with medical evidence supporting her disability. On or about June 28, 2001, Plaintiff's treating physician provided to the Plaintiff a return to work document which was subsequently submitted to the Defendant. This particular document allowed the Plaintiff to return to work on or about July 9, 2001 and be assigned to one store for a week and thereafter resume her work without any limitations.

9. Prior to July 9, 2001, the Plaintiff was contacted by her supervisor and advised not to return to work until she was fully recovered and capable of resuming her duties without limitations. She was advised that Defendants would not allow her to return to light duty work. She was further advised that once she was fully recovered she had to reapply.

10. On or about July 11, 2001, the Plaintiff's treating physician forwarded directly to the Defendant a medical note clearing the Plaintiff to return to full work without restrictions. There was no reply or response by the Defendant and its Representatives as to the request by Plaintiff and her treating physician to return to work after July 11, 2001 without limitations.

11. On or about September 4, 2001, a second letter was forwarded to the Defendants, once again, informing them that Plaintiff was ready and capable of returning to work without physical restrictions. In the meantime, Plaintiff reapplied for her position as she was asked to do so

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

3

by the Defendants representative. On or about December 4, 2001, the Plaintiff received an unemployment brochure from the Defendant and no further correspondence thereafter.

12.    While awaiting for a response by the Defendants, Plaintiff learned that her position was being advertised in a local newspaper, the New Bedford Standard Times. It appears that the position was advertised on or about July 13, 2001 through July 21, 2001. On or about July 25, 2001, Plaintiff further learned that the Defendant was interviewing candidates for her position. Plaintiff was never extended the opportunity to be interviewed for the position in question. Based on reasonable belief and credible information the Plaintiff learned, subsequently, that she had been replaced by a younger person.

13.    On 12/26/2001, the Plaintiff filed a timely charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission against the Defendants and its representatives alleging discrimination due to Age, Disability and Failure to Accommodate Plaintiff. All jurisdiction for prerequisites for this action have been satisfied.

## COUNT I

CLAIM UNDER MASSACHUSETTS GENERAL LAWS CHAPTER 151B; SECTION 4 (1B) (ALL DEFENDANTS)

14.    Plaintiff incorporates the allegations made in paragraphs 1 through 13 as if fully set forth the herein.

LAW OFFICES OF
**G.M. REGO, P.C.**
411 Columbia St.
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

4

15.    The Defendants and their representatives discriminated against the Plaintiff and her employment on the basis of her age in violation of Mass General Laws Chapter 151B Section 4 (1B).

16.    The discriminatory actions of Defendant have proximately caused Plaintiff to suffer damages.


## COUNT II

CLAIM UNDER MASSACHUSETTS MASS. GENERAL LAWS CHAPTER 151B, SECTION (4) (16)


17.    Plaintiff incorporates the allegations made in paragraphs 1 through 16 as if fully set forth herein.

18.    The Defendants, and their representatives, discriminated against the Plaintiff and her employment on the basis of her disability and failure to accommodate her restrictions pursuant to Mass General Laws Chapter 151B Section 4 (16) discriminatory actions of Defendants have approximately caused Plaintiff to suffer damages

19.    The discriminatory actions by Defendants and their representatives have caused Plaintiff to suffer damages.

LAW OFFICES OF
**G.M. REGO, P.C.**
411 Columbia St
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

5

## COUNT III

## WRONGFUL TERMINATION

20.    Plaintiff incorporates the allegations made in paragraph 1 through 19 as it

fully sets forth hearing.

21.    The Defendants and their representatives improperly, illegally and

wrongfully terminated Plaintiff's employment.

22.    The actions of the Defendant have proximately caused the Plaintiff to

suffer damages.

## COUNT IV

INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(ALL DEFENDANTS)

23.    Plaintiff incorporates the allegations made in paragraphs, through 22 as if

fully set forth herein.

24.    By engaging in the foregoing conduct, Defendants and their

representatives have intentionally or negligently inflicted emotional

distress upon Plaintiff.

25.    As a result of their conduct and actions Plaintiff did suffer emotional

distress.

26.     WHEREFORE Plaintiff request this Court to award her the following

relief:

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

6

1. Enter Judgment in her favor against the Defendants in amount warranted by the evidence at Trial.

2. Award compensation damages for her financial and emotional damages caused by the discriminatory acts referred in this complaint.

3. Award punative damages under all Counts and Award Attorney's Fees, including Expert Fees and costs of this action under all Counts.

4. Award such other and further relief has this Court deems just and proper. [THE PLAINTIFF DEMANDS A TRIAL BY A JURY AS TO ALL COUNTS OF THE COMPLAINT]

Respectfully submitted,

JANICE FLANDERS
By her attorney,

GONCALO M. REGO, ESQUIRE
LAW OFFICES OF G. M. REGO, P. C.
411 Columbia Street
Fall River, MA  02721
(508) 678-3400
(BBO #557097)

DATED: 7-13-04

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

A True Copy By Photostatic Process
Attest

Asst. Clerk of Courts

7

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) AO4-0776 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

**PLAINTIFF(S)**
JANICE FLANDERS

**DEFENDANT(S)**
LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING COMPANY

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (508) 678-3400
Goncalo M. Rego, Esquire
Law Offices of G. M. Rego, P. C.
411 Columbia St., Fall River, MA 02721
Board of Bar Overseers number:

**ATTORNEY (if known)**

BRISTOL, SS SUPERIOR COURT
FILED

JUL 1 3 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIMINATION | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 445.00
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3820.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,707.50
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,605.00
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,650.00

Subtotal $ 11,227.50

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . $ 22,831.90
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 20,000.00
F. Other documented items of damages (describe)

$

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Emotional and Psychological injuries, including depression.

$

TOTAL $ 54,059.40

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7-13-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
CIVIL ACTION
No.: BRCV2004-00776-A

**JANICE FLANDERS**
Plaintiff

v.

**LEVY HOME ENTERTAINMENT, INC.,
AND
CHAS. LEVY CIRCULATING COMPANY**
Defendants

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Massachusetts Rule of Civil Procedure 4(c), Plaintiff, Janice Flanders, respectfully moves that QUICKSERV, INC. be specially appointed for the purpose of serving all process and other papers in the above-captioned case.

Plaintiff further certifies that to the best of its knowledge and belief the person appointed process server is experienced in the service of process, is 18 years of age or over, and is not a party to this action.

Plaintiff Janice Flanders,
By her attorney,
Goncalo M. Rego, Esquire
Law Offices of G. M. Rego
411 Columbia Street
Fall River, MA  02721

Dated: 7/19/04

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

LAW OFFICES OF



Gonçalo M. Rego
*Attorney*

Juan Vazquez Navarro*
*Attorney*

Christopher M. Abreu
*Attorney*

*Also admitted in RI*

411 Columbia St., Fall River, MA 02721
**Tel. (508) 678-3400**
**Fax (508) 678-3535**

September 24, 2004

**ATTENTION: CIVIL CLERKS OFFICE**
Taunton Superior Court
9 Court Street
Taunton, MA  02780

RE:    **Janice Flanders v. Levy Home Entertainment, Inc., et aL**

   **CIVIL ACTION NO.: BRCV2004-00776-A**

Dear Sir/Madam:

   Enclosed please find the summons that was served on the above-mentioned case.

   If you have any questions, please do not hesitate to call my office. Thank you for your anticipated cooperation.

   Very truly yours,

   Melissa Mare, Paralegal
   Goncalo M. Rego, Esquire

MM
Enclosures

**CERTIFIED MAIL #:  7003 1010 0004 6336 8624**

---

*Affiliated offices:*    New Bedford    •    Taunton    •    Providence

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                          SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                                          CIVIL ACTION
[SEAL]                                           No. BRCV2004-00776-A

JANICE FLANDERS _____ , Plaintiff (s)

v.

LEVY HOME ENTERTAINMENT, INC., | AND BRISTOL, SS SUPERIOR COURT
CHAS. LEVY CIRCULATING CO.                , Defendant(s) FILED

(TO PLAINTIFF'S ATTORNEY :
  PLEASE INDICATE TYPE OF ACTION INVOLVED : SEP 2 7 2004
  TORT — MOTOR VEHICLE TORT — CONTRACT
  EQUITABLE RELIEF — OTHER.)

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:    LEVY HOME ENTERTAINMENT, INC.,

    You are hereby summoned and required to serve upon ..GONCALO..M...REGO,...ESQUIRE

....LAW..OFFICES..OF..G...M...REGO,..P.C...........................................................

plaintiff's attorney, whose address is   411 Columbia St., Fall River, MA  02721 ;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at .......TAUNTON....................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

    Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the................15th...........................day of.........September..........., in the year
of our Lord two thousand and ........Four...............................

_Magistrate_

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.  If
   a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

SEPTEMBER 22, 2004

# *QUICKSERV*
**ALLSTATE PROCESS SERVERS**

## RETURN OF SERVICE

*I this day summoned the within named* LEVY HOME ENTERTAINMENT INC.
C/O PRENTICE HALL CORP SYSTEM

*to appear as within directed by delivering to* BERNARDO MONTANEZ, PROCESS
SPECIALIST, 12:00 PM

    **X**   *in hand*

*No.*     84 STATE ST.
*in the* BOSTON      *District of said* SUFFOLK      *County an attested*
*copy of the SUMMONS, COMPLAINT, STATEMENT OF DAMAGES, AND CLERK'S*
*NOTICE APPROVING MOTION FOR SPECIAL PROCESS SERVER*

*Service and travel*      28

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
10     *miles in the service of*
*this process*

_William B. Murphy_
Process Server

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

Civil Docket **BRCV2004-00776**

RE:    Flanders v Levy Home Entertainment, Inc. et al

TO:    FILE COPY

---

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **07/21/2004**:

*RE: Plaintiff Janice Flanders's MOTION for appointment of special process server*

**is as follows:**

**MOTION (P#2) Motion is allowed. (Valerie A. Brodeur, Asst. Clerk Magistrate) Notices mailed July 21, 2004**

Dated at Taunton, Massachusetts this 21st day of July, 2004.

Marc J. Santos,
Clerk of the Courts

BY:

Valerie A. Brodeur
Assistant Clerk

Telephone: (508) 823-6588

Copies mailed 07/21/2004

A True Copy By Photostatic Proc.
Attest:

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No. BRCV2004-00776-A

JANICE FLANDERS _____ , Plaintiff (s)

v.

LEVY HOME ENTERTAINMENT, INC., AND
CHAS. LEVY CIRCULATING CO. _____ , Defendant(s)

BRISTOL SS SUPERIOR COURT
FILED

SEP 27 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:  CHAS. LEVY CIRCULATING COMPANY

You are hereby summoned and required to serve upon Goncalo M. Rego, Esquire, Law Offices of G. M. Rego, P. C., plaintiff's attorney, whose address is 411 Columbia St., Fall River, MA  02721 an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ........TAUNTON................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the................15th..................day of...September................, in the year of our Lord two thousand and ..................FOUR..................

*Magistrate*

NOTES.
1.   This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.   When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3.   If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

2SC 24

SEPTEMBER 21, 2004

## *QUICKSERV*
**ALLSTATE PROCESS SERVERS**

## RETURN OF SERVICE

*I this day summoned the within named* CHAS. LEVY CIRCULATING COMPANY
C/O US CORP. CO.

*to appear as within directed by delivering to* BERNARDO MONTANEZ, PROCESS
SPECIALIST, 10:00 AM

**X**   *in hand*

*No.*   84 STATE ST.
*in the* BOSTON          *District of said* SUFFOLK          *County an attested*
*copy of the SUMMONS & COMPLAINT, STATEMENT OF DAMAGES, CLERK'S*
*NOTICE APPROVING 4C MOTION*

*Service and travel*          28

*Paid Witness*

*it being necessary I actually used a*
*motor vehicle in the distance of*
10      *miles in the service of*
*this process*

Process Server

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                              SUPERIOR COURT

JANICE FLANDERS,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )         CIVIL ACTION
                                        )         NO. 04-00776-A
LEVY HOME ENTERTAINMENT, INC. and       )
CHAS. LEVY CIRCULATING CO.,             )
                                        )
            Defendants.                 )
                                        )

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE CLERK OF BRISTOL SUPERIOR COURT:**

Please take notice that on October 12, 2004, Defendants filed a Notice of Removal in the

above-captioned case with the United States District Court for the District of Massachusetts. A

certified copy of Defendants' Notice of Removal is filed herewith.

LEVY HOME ENTERTAINMENT, LLC,
and CHAS. LEVY CIRCULATING CO.,
LLC,

By their attorneys,

Dean Richlin (BBO #419200)
Michael L. Rosen (BBO #559954)
Christopher J. Powell (BBO #658884)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

A True Copy By Photostatic Process
Attest:
                    Asst. Clerk of Courts

Dated: October 13, 2004

AFFIDAVIT OF SERVICE

I, _____ depose
and state that on this day a true
copy of the above document was
served upon the attorney of record
for each party by mail or hand
signed under the pains and penalties
of perjury.

                    10/13/04

FHBOSTON/1117539.1



COPY

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT 12  P 4: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

04    12151    JLT

JANICE FLANDERS,

          Plaintiff,

          v.

LEVY HOME ENTERTAINMENT, INC.
and CHAS. LEVY CIRCULATING CO.,

          Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants Levy Home Entertainment, LLC, formerly known as Levy Home Entertainment, Inc., and Chas. Levy Circulating Co., LLC, formerly known as Chas. Levy Circulating Co. (collectively "defendants"), hereby notice the removal of the above-captioned matter from the Superior Court for Bristol, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-00776-A. In support thereof, defendants state the following:

      1.     Defendant Chas. Levy Circulating Co., LLC was served with a copy of the complaint in this action on September 20, 2004.

      2.     Defendant Levy Home Entertainment, LLC was served with a copy of the complaint in this action on September 22, 2004.

      3.     True and correct copies of the complaint, summonses, civil action cover sheet, motion for appointment of special process server and clerk's notice of allowance thereof are attached hereto as Exhibit A and constitute all process, pleadings and orders served upon the defendants in this action.

4.    In accordance with the requirements of 28 U.S.C. § 1446, this notice of removal is filed within thirty (30) days after defendants first received a copy of the initial pleading setting forth the claims for relief upon which plaintiff's action is based as set forth above.

5.    Plaintiff Janice Flanders is an individual and resides in New Bedford, Massachusetts.

6.    Defendant Levy Home Entertainment, LLC is a Delaware limited liability company with a principal place of business at 1930 George Street, Melrose Park, Illinois 60160.

7.    Defendant Chas. Levy Circulating Co., LLC is a Delaware limited liability company with a principal place of business at 1930 George Street, Melrose Park, Illinois 60160.

8.    Plaintiff's complaint alleges causes of action against the defendants under M.G.L. c. 151B § 4 for employment discrimination against her on the basis of age, disability and failure to accommodate, for wrongful termination, and for intentional/negligent infliction of emotional distress. In her complaint plaintiff seeks compensatory damages "for her financial and emotional damages" caused by the alleged discriminatory acts. In her statement of damages filed with the complaint, plaintiff itemizes documented medical expenses, and documented and anticipated lost wages and compensation in the amount of $54,059.40. In addition, plaintiff describes the nature of her injury as "emotional and psychological injuries, including depression." Plaintiff also seeks attorneys' fees. Without admitting and expressly denying the validity of plaintiff's causes of action, it is clear that the amount in controversy in this action will exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9.    In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.    Defendants respectfully ask that this action be removed to the United States District Court for the District of Massachusetts for further proceedings, as though this action had originally been instituted in that Court.

11.    Pursuant to 28 U.S.C. § 1446(d), defendants will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Bristol County, Commonwealth of Massachusetts, and will also serve a copy upon all counsel of record.

WHEREFORE, defendants Levy Home Entertainment, LLC and Chas. Levy Circulating Co., LLC request that the action now pending against them in the Superior Court of Bristol County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 04-00774-A, be removed to this court.

                                    Respectfully submitted,

                                    LEVY HOME ENTERTAINMENT, LLC,
                                    and CHAS. LEVY CIRCULATING CO.,
                                    LLC,

                                    By their attorneys,

                                    _Christopher J. Powell_
                                    Dean Richlin (BBO #419200)
                                    Michael L. Rosen (BBO #559954)
                                    Christopher J. Powell (BBO #658884)
                                    FOLEY HOAG LLP
                                    155 Seaport Boulevard
                                    Boston, MA 02210
                                    (617) 832-1000

Dated: October 12, 2004

## AFFIDAVIT OF SERVICE

I, _____ depose and state that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand signed under the pains and penalities of perjury.

Dated: _11/12/04_



**FOLEY HOAG** LLP

ATTORNEYS AT LAW



BRISTOL, SS SUPERIOR COURT
FILED

OC͏     2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Andrea Husher Carter
Senior Paralegal
Boston Office
617.832.1761
acarter@foleyhoag.com

October 13, 2004

**Via U.S. Mail**

Civil Clerk's Office
Bristol Superior Court
9 Court Street, Room 13
Taunton, MA  02780

      Re:    Janice Flanders v. Levy Home Entertainment, Inc., et al.
              Civil Action No. 04-00776-A

Dear Sir or Madam:

      Please be advised that the captioned case was removed to the United States
District Court for the District of Massachusetts on October 12, 2004 and has been
assigned Civil Action No. 04-12151-JLT in that Court.

      Enclosed please find Defendants' Notice of Filing of Notice of Removal with
attached court certified copy of Defendants' Notice of Removal.

      After the Notice has been docketed, please prepare certified copies of the docket
and the contents of the Bristol case file.  Please give me a call when the certified record
is ready and I will make arrangements for payment.

      Thank you for your assistance in this matter.

                    Very truly yours,

                    Andrea Husher Carter

Enclosure
cc:     Goncalo M. Rego, Esq.
        Dean Richlin, Esq.
        Michael L. Rosen, Esq.
        Christopher J. Powell, Esq.

FHBOSTON/1117552.1

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT
CIVIL ACTION
No.: BRCV2004-00776-A

**JANICE FLANDERS**
    Plaintiff

v.

**LEVY HOME ENTERTAINMENT, INC.,**
**AND**
**CHAS. LEVY CIRCULATING COMPANY**
    Defendants

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Massachusetts Rule of Civil Procedure 4(c), Plaintiff, Janice Flanders, respectfully moves that QUICKSERV, INC. be specially appointed for the purpose of serving all process and other papers in the above-captioned case.

Plaintiff further certifies that to the best of its knowledge and belief the person appointed process server is experienced in the service of process, is 18 years of age or over, and is not a party to this action.

Plaintiff Janice Flanders,
By her attorney,
Goncalo M. Rego, Esquire
Law Offices of G. M. Rego
411 Columbia Street
Fall River, MA 02721

Dated: 2/19/04

LAW OFFICES OF
**G.M. REGO, P.C.**
411 Columbia St
Fall River, MA 02721
elephone (508) 678-3400
Fax (508) 678-3535

**A True Copy By Photostatic**
**Attest:**

LAW OFFICES OF



411 Columbia St., Fall River, MA 02721
**Tel. (508) 678-3400**
**Fax (508) 678-3535**

Gonçalo M. Rego
*Attorney*

Juan Vazquez Navarro*
*Attorney*

Christopher M. Abreu
*Attorney*

*Also admitted in RI

July 18, 2004

**ATTENTION: CLERKS OFFICE**
Taunton Superior Court
9 Court Street
Taunton, MA  02780

RE:    Janice Flanders v. Levy Home Entertainment, Inc., et aL

CIVIL ACTION NO.: BRCV2004-00776-A

Dear Sir/Madam:

Enclosed please find two **MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVERS** on the above-mentioned case.

If you have any questions, please do not hesitate to call my office. Thank you for your anticipated cooperation.

Very truly yours,

Melissa Mare
Goncalo M. Rego, Esquire

MM
Enclosures