**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

JANICE FLANDERS,

    Plaintiff,

v.                                             Civil Action #:  104-12151-JLT

LEVY HOME ENTERTAINMENT, INC.
and CHAS. LEVY CIRCULATING CO.,

    Defendants.

---

**LEGAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**TO REMAND PENDING ACTION TO SUPERIOR COURT**

**INTRODUCTION-PROCEDURAL BACKGROUND**

On July 12, 2004 the Plaintiff, "Flanders" instituted this civil action pursuant to Massachusetts General Laws, Chapter 151B and other relevant statutes in Superior Court, Bristol County, Massachusetts. This action for damages and other relief arose out of employment at Defendant, "Levy Home Entertainment, Inc. and Chas Levy Circulating Co.  A copy of Plaintiff's Complaint is marked as Exhibit "1".

The Defendant, Chas. Levy Circulating Co. was served with summons and a copy of the Complaint on September 21, 2004.  The Defendant, Levy Home Entertainment, Inc. was served with summons and a copy of the

1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: ~~BRCV2003-00700~~

BRCV2004-00776-A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Janice Flanders
    Plaintiff

v.

Levy Home Entertainment, Inc.
Chas. Levy Circulating Co.
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT (JURY TRIAL CLAIM)

### I.   INTRODUCTION

1. This is an action pursuant to Massachusetts General Laws, Chapter 151B, Section 4, paragraphs 1B & 16. This is an action for damages and other relief arising out of employment of plaintiff, Janice Flanders. The particular claims against the Defendants include, Wrongful Termination, Age Discrimination, and Discrimination on the basis of Disability and failure to accommodate.

### II.   PARTIES

2. Plaintiff, Janice Flanders, is a resident of New Bedford, Massachusetts.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

1

3. Defendant, Levy Home Entertainment, Inc., is a business entity doing business in the Commonwealth of Massachusetts and organized under the laws of the State of Illinois.

4. Defendant, Chas. Levy Circulating Co. is a corporation doing business in the Commonwealth of Massachusetts and organized under the Laws of the State of Delaware.

5. The Defendants are "Employers" within the definition of the term in Mass. General Laws in Chapter 151B.

### III. FACTS

6. At the time of Plaintiff's discharge she was 61 years of age and married. She had been employed with the defendant for approximately six years as a field representative. Plaintiff's duties included maintaining book displays in customer stores, and maintaining regular visits to assigned stores once or twice per week. Specific physical requirements included driving to the assigned stores location, lifting and carrying books. Prior to Plaintiff's discharge her performance had always been satisfactory to the Defendants.

7. On or about April 13, 2001, Plaintiff was involved in a serious motor vehicle accident. As a result of this accident, she suffered multiple injuries to her hip and lower back. The Defendants were notified the next day with regard to Plaintiff's involvement in this particular motor vehicle

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

2

accident. The Defendant was further advised that Plaintiff was unable to work due to injuries sustained.

8. During the period that the Plaintiff was absent from work due to her injuries, the Defendants were periodically supplied with medical evidence supporting her disability. On or about June 28, 2001, Plaintiff's treating physician provided to the Plaintiff a return to work document which was subsequently submitted to the Defendant. This particular document allowed the Plaintiff to return to work on or about July 9, 2001 and be assigned to one store for a week and thereafter resume her work without any limitations.

9. Prior to July 9, 2001, the Plaintiff was contacted by her supervisor and advised not to return to work until she was fully recovered and capable of resuming her duties without limitations. She was advised that Defendants would not allow her to return to light duty work. She was further advised that once she was fully recovered she had to reapply.

10. On or about July 11, 2001, the Plaintiff's treating physician forwarded directly to the Defendant a medical note clearing the Plaintiff to return to full work without restrictions. There was no reply or response by the Defendant and its Representatives as to the request by Plaintiff and her treating physician to return to work after July 11, 2001 without limitations.

11. On or about September 4, 2001, a second letter was forwarded to the Defendants, once again, informing them that Plaintiff was ready and capable of returning to work without physical restrictions. In the meantime, Plaintiff reapplied for her position as she was asked to do so

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

3

by the Defendants representative. On or about December 4, 2001, the Plaintiff received an unemployment brochure from the Defendant and no further correspondence thereafter.

12. While awaiting for a response by the Defendants, Plaintiff learned that her position was being advertised in a local newspaper, the New Bedford Standard Times. It appears that the position was advertised on or about July 13, 2001 through July 21, 2001. On or about July 25, 2001, Plaintiff further learned that the Defendant was interviewing candidates for her position. Plaintiff was never extended the opportunity to be interviewed for the position in question. Based on reasonable belief and credible information the Plaintiff learned, subsequently, that she had been replaced by a younger person.

13. On 12/26/2001, the Plaintiff filed a timely charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission against the Defendants and its representatives alleging discrimination due to Age, Disability and Failure to Accommodate Plaintiff. All jurisdiction for prerequisites for this action have been satisfied.

## COUNT I

CLAIM UNDER MASSACHUSETTS GENERAL LAWS CHAPTER 151B; SECTION 4 (1B) (ALL DEFENDANTS)

14. Plaintiff incorporates the allegations made in paragraphs 1 through 13 as if fully set forth the herein.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

4

15. The Defendants and their representatives discriminated against the Plaintiff and her employment on the basis of her age in violation of Mass General Laws Chapter 151B Section 4 (1B).

16. The discriminatory actions of Defendant have proximately caused Plaintiff to suffer damages.

### COUNT II

CLAIM UNDER MASSACHUSETTS MASS. GENERAL LAWS CHAPTER 151B, SECTION (4) (16)

17. Plaintiff incorporates the allegations made in paragraphs 1 through 16 as if fully set forth herein.

18. The Defendants, and their representatives, discriminated against the Plaintiff and her employment on the basis of her disability and failure to accommodate her restrictions pursuant to Mass General Laws Chapter 151B Section 4 (16) discriminatory actions of Defendants have approximately caused Plaintiff to suffer damages

19. The discriminatory actions by Defendants and their representatives have caused Plaintiff to suffer damages.

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

5

### COUNT III

### WRONGFUL TERMINATION

20. Plaintiff incorporates the allegations made in paragraph 1 through 19 as it fully sets forth hearing.

21. The Defendants and their representatives improperly, illegally and wrongfully terminated Plaintiff's employment.

22. The actions of the Defendant have proximately caused the Plaintiff to suffer damages.

### COUNT IV

### INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)

23. Plaintiff incorporates the allegations made in paragraphs, through 22 as if fully set forth herein.

24. By engaging in the foregoing conduct, Defendants and their representatives have intentionally or negligently inflicted emotional distress upon Plaintiff.

25. As a result of their conduct and actions Plaintiff did suffer emotional distress.

26. WHEREFORE Plaintiff request this Court to award her the following relief:

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

6

1. Enter Judgment in her favor against the Defendants in amount warranted by the evidence at Trial.

2. Award compensation damages for her financial and emotional damages caused by the discriminatory acts referred in this complaint.

3. Award punative damages under all Counts and Award Attorney's Fees, including Expert Fees and costs of this action under all Counts.

4. Award such other and further relief has this Court deems just and proper. [THE PLAINTIFF DEMANDS A TRIAL BY A JURY AS TO ALL COUNTS OF THE COMPLAINT]

Respectfully submitted,

JANICE FLANDERS
By her attorney,

*/s/ Gonzalo M. Rego*

GONZALO M. REGO, ESQUIRE
LAW OFFICES OF G. M. REGO, P. C.
411 Columbia Street
Fall River, MA 02721
(508) 678-3400
(BBO #557097)

DATED: 7-13-04

LAW OFFICES OF
G.M. REGO, P.C.
411 Columbia St.
Fall River, MA 02721
Telephone (508) 678-3400
Fax (508) 678-3535

7



# Commerce Insurance
### The Commerce Insurance Company
11 Gore Road, Webster, Massachusetts 01570 (508) 949-1500

**CLAIMS DEPT.**

## WAGE AND SALARY VERIFICATION

| DATE SENT | OUR POLICYHOLDER | ACCIDENT DATE | FILE NUMBER |
|---|---|---|---|
| 5/31/2001 | RONALD E FLANDERS | 04/13/2001 | JY7470-XV9019 |

Employee Name and Address

CHAS. LEVY CO.
1200 P BRANCH ST
CHICAGO IL 60622

JANICE FLANDERS

11 JENKINS ST
NEW BEDFORD, MA 02740-1125

Social Security No.: 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

Dear Sir or Madam:

The above named person has applied for benefits under the MASSACHUSETTS PERSONAL INJURY PROTECTION LAW as a result of injuries sustained in an automobile accident on the date indicated. We understand this person is your employee or former employee. To assist us in determining benefits that may be due the applicant, please provide us with the answers to the following questions. Thank you for your cooperation.

JERRI PERREAULT          EXT. 5218
Claim Department

1. OCCUPATION: _Part-Time Merchandiser_
2. EMPLOYMENT DATES: FROM: _08/14/95_ THROUGH: _Present_
3. GROSS EARNING FROM 04/13/2000 THROUGH 04/13/2001 (or any part of this period). $ _6,711.35_
4. WAGE OR SALARY AS OF DATE OF ACCIDENT:    per wk. $ ~~____~~   per hour $ _9.65_
   Circle days worked per week and indicate hours per day. _hours vary - approx 12-14 hrs a week._
   ___ Sun ___ (Mon) (Tue) (Wed) (Thu) ___ Fri ___ Sat   Any overtime available? _No_ hrs.
5. DATES ABSENT FOLLOWING THE ACCIDENT: Absence began _04/16/01_   Returned to Work _—/—/—_
6. WAS EMPLOYEE PAID DURING THIS ABSENCE?    YES ☐    NO ☒
   Amount paid during this absence for the following: SICK: $_____    VACATION: $_____
   SHORT TERM DISABILITY: $_____   Start Date: ___/___/___   End Date: ___/___/___
   Amount of Short Term Disability per week? $_____
   Which (if any) of these benefits are reimbursable? _____
7. IS EMPLOYEE ENTITLED TO BENEFITS UNDER A WAGE OR SALARY CONTINUATION PLAN?    YES ☐    NO ☒
   a. If YES, Amount paid or available: $_____ per week  $_____ per month
   b. If YES, Are cash or additional retirement credits reduced under your plan by amount of benefits paid?   YES ☐   NO ☐
8. HAS EMPLOYEE FILED CLAIM FOR BENEFITS UNDER ANY WORKERS COMPENSATION LAW AS A RESULT OF THIS ACCIDENT?     YES ☐    NO ☒
9. HAS EMPLOYEE RECEIVED, CURRENTLY RECEIVING OR ENTITLED TO RECEIVE BENEFITS UNDER ANY WORKERS COMPENSATION LAW AS A RESULT OF THIS ACCIDENT?    YES ☐    NO ☒
10. IS EMPLOYEE ELIGIBLE FOR ANY INDIVIDUAL/GROUP HEALTH INSURANCE/HMO/OTHER BENEFITS?    YES ☐    NO ☒
    NAME / POLICY # OF HEALTH CARRIER _____

Date: _June 12, 01_    Signed: _Lisa A. Lenhardt_
(PIP - 3 MASS)                Title: _H.R. Generalist_

CIC 312 (Rev 03/95)  SA                                                                        458

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JANICE FLANDERS | LEVY HOME ENTERTAINMENT, INC., AND CHAS. LEVY CIRCULATING COMPANY |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 678-3400<br>Goncalo M. Rego, Esquire<br>Law Offices of G. M. Rego, P.C.<br>411 Columbia St., Fall River, MA 02721<br>Board of Bar Overseers number: | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIMINATION | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $ 445.00
2. Total Doctor expenses ................................................... $ 3820.00
3. Total chiropractic expenses ............................................. $ 3,707.50
4. Total physical therapy expenses ......................................... $ 1,605.00
5. Total other expenses (describe) ......................................... $ 1,650.00
   Subtotal $ 11,227.50
B. Documented lost wages and compensation to date ........................... $ 22,831.90
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses .............. $
E. Reasonably anticipated lost wages ........................................ $ 20,000.00
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Emotional and Psychological injuries, including depression.
   $
   TOTAL $ 54,059.40

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7-13-0_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000